MORGAN *et al.* v. CROCKER *et al.*, executors, appellants.

*Bailment — liability of bailee — negligence.*

C. received cattle from M. to keep over night, and placed them in one of his yards. The yard was in the vicinity of a lake, and it was in the month of December, when violent storms were liable to arise and overflow the yard. The yard was also two or three feet lower than other yards of C., and when C. was putting the cattle in this yard the agent of M. called C.'s attention to the fact that, in case of a storm, they would be unsafe, to which C. replied that he attended to that business himself. A violent storm having arisen in the night, the cattle were drowned, and M. brought action to recover their value. The jury found for M. *Held*, that the verdict must be sustained, on the ground that it was negligence for C. to expose the cattle to the hazard.

APPEAL from a judgment at circuit in favor of plaintiffs, and from an order denying a new trial. The action was brought by Silas G. Morgan, Harvey Morgan and Samuel Wilson against Lemuel Crocker, for damages alleged to have arisen in consequence of defendant's negligence, as bailee of twenty-two cows belonging to plaintiffs. The defendant Crocker died subsequent to the commencement of the action, and his representatives were substituted. The cows were delivered to Crocker, who lived near Buffalo, by

plaintiffs, December 31, 1863, to be kept over night. A storm arose in the night, and the cattle were drowned, the yard in which they were placed being near Lake Erie. The plaintiffs had a verdict, which defendants moved to set aside, and for a new trial. The motion was denied, and after judgment defendants appealed to this court.

*H. O. Chesebro,* for appellant.

*E. G. Lapham,* for respondents.

MULLIN, P. J. The defendants' testator having received the cattle to keep for the plaintiff, was bound to exercise reasonable care, such as a prudent man exercises in the care and management of his own property, and is liable for ordinary neglect. Chitty on Cont. 475 (*a*).

The extent of the care that the intestate was under obligation to exercise was regulated by the dangers he had reason to apprehend were likely to befall the property. The cows were left with him in the month of December, a month in which violent and sudden storms are likely to occur. In such storms the waters of Lake Erie were occasionally raised by the wind so as to overflow the yard in which plaintiffs' cattle were placed. This yard was two or three feet lower than the yards about the barn, and had the cattle been put into a yard near the barn, they would have been safe.

When the cattle were being driven from the highway to the yard, Martin, one of the plaintiffs' hired men, suggested to the intestate that the yard in which he was putting the cattle was considerably lower than those by the barn, and that, in the event of a storm, they would be easier got at in the yards by the barn.

The intestate replied that he attended to that business himself. In other words, he assumed the risk they incurred by being placed in the yard in which he directed them to be put.

It is true that the intestate could not know that a storm would arise that night, nor had he any warning that it was coming until the cattle were drowned, but at that season of the year he had reason to anticipate a storm, and he knew that if it came, and the water was raised two or three feet, and that the cattle would be lost. It was carelessness in him to expose them to the hazard.

The judgment is right, and must be affirmed.

*Judgment affirmed.*